**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| In re:<br>Amanda Lynn Groce<br>Kristopher Michael Groce,<br>　　　　　Debtors | Case No. 18-72400-FJS<br>Chapter 7 |

**MOTION SEEKING ENTRY OF AN ORDER IMPOSING FINES, SANCTIONS, AND DISGORGEMENT OF COMPENSATION FROM BANKRUPTCY PETITION PREPARER, GREG BROUSSARD AKA GREG BOHL, AND OTHER APPROPRIATE RELIEF PURSUANT TO 11 U.S.C. § 110 AND FINDING BOHL IN CIVIL CONTEMPT AND SUPPORTING MEMORANDUM**

John P. Fitzgerald, III, the Acting United States Trustee for Region Four, by counsel, pursuant to 11 U.S.C. §110, moves the Court for entry of an order against Greg Broussard aka Greg Bohl ("Bohl") imposing fines and disallowing and ordering the immediate disgorgement and forfeiture of all fees received from or on behalf of the debtors within 12 months immediately prior to the filing of this case and any unpaid fee charged to the debtors, as well as other relief pursuant to 11 U.S.C. § 110.

In addition, the Acting United States Trustee moves for entry of an order, pursuant to 11 U.S.C. § 105(a), finding Bohl in civil contempt for his violation of an order entered by this Court in Adversary Proceeding 07-07051-SCS, which decreed, in part, the following:

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

> F. Greg Bohl, individually and doing business as www.eonlinebankruptcy.com, www.csofamerica.com, and Consumer Credit Services of America, Inc., his agents, employees, associates, assigns, successors, corporations, related entities, and all persons or entities in active concert and participation with Bohl, www.eonlinebankruptcy.com, and/or www.csofamerica.com, and Consumer Credit Services of America, Inc., (collectively, "Bohl") are hereby PERMANENTLY ENJOINED from acting as a bankruptcy petition preparer in the Eastern District of Virginia, or any other District, jurisdiction, Bankruptcy Court, or District Court within the United States of America. Bohl is further PERMANENTLY ENJOINED from engaging in fraudulent, deceptive, and/or unfair conduct including, but not limited to falsely representing himself and his entities as able to quickly and cost effectively prepare acceptable bankruptcy documents for filing with a court of the United States of America. Bohl is also PERMANENTLY ENJOINED from using a computer, internet website, or any other electronic means to conduct business in violation of 11 U.S.C. §110, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this or any other United States Bankruptcy Court. Finally, Bohl is PERMANENTLY ENJOINED from the unauthorized practice of law.

AP # 07-07051-SCS, Doc 13, entered 09/27/07 ("Virginia Injunction").

In support of his Motion, the Acting U.S. Trustee states:

**I. Parties, Standing, and Jurisdiction**

1. John P. Fitzgerald, III is the Acting United States Trustee for Region Four, which includes the Eastern District of Virginia. He is duly appointed under 28 U.S.C. § 581(a)(4). The United States Trustee Program is a component of the Department of Justice which oversees the administration of bankruptcy cases and private trustees under 28 U.S.C. §586 and 11 U.S.C. §101, *et seq*. The U.S. Trustee enforces the provisions of 11 U.S.C. § 110, governing

the activities of bankruptcy petition preparers.

2. This Court has jurisdiction under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §157(a) and (b)(1) and 28 U.S.C. §151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 110, 105(a), and 307; Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure govern.

4. Bohl is an individual who has, for years, operated--alone and with others, individually and through various entities--as a bankruptcy petition preparer, using the internet, while violating the strictures of the United States Bankruptcy Code and flouting a plethora of injunctions issued by bankruptcy courts across the United States.

5. The table below sets forth the injunctions issued by various United States Bankruptcy Courts against Bohl.

| Case Name | Case Number | Court | Date | Scope |
| --- | --- | --- | --- | --- |
| Chinn | 06-40275 | N.D. Tex. | 12/3/06 | N.D. Tex. |
| Frost | 06-31013 | Oregon | 8/17/06 | Oregon |
| Bernales | 05-50082 | C.D. Ca. | 6/19/06 | C.D. Ca2 |
| Beals | 05-72831 | W.D. Pa. | 2/24/06 | W.D. Pa. |
| Copeland | 04-20804 | S.D. Tex. | 9/22/04 | Texas |
| Deel | 07-52098 | S.D. Ohio | 10/01/07 | S.D. Ohio |
| Caffrey | 07-70511 | E.D. Va. | 9/27/07 | nationwide |
| Cosby | 06-bk-2796 | M.D. Fla. | 9/17/07 | M.D. Fla. |
| Frederickson | AP07-08049 | Idaho | 8/10/07 | nationwide |
| Vardiman | 06-12007 | W.D. Tenn. | 5/31/07 | nationwide |
| Chapple | 06-20366 | Wyoming | 1/3/07 | Wyoming |
| Bruno | AP 16-00013 | Montana | 6/2/16 | nationwide |

| Mounts | AP 08-50447 | Delaware | 10/2/08 | Delaware |
|---|---|---|---|---|
| Balsano | AP 16-07011 | W.D. Pa. | 6/28/16 | W.D. Pa. and nationwide |
| Balestrieri<br>Kazda | AP 8-07-08169<br>AP 15-08309 | E.D.N.Y. (Central Islip)<br>E.D. N.Y. (Central Islip) | 4/14/08<br>8/23/16 | E.D.N.Y.<br>E.D.N.Y. |
| Linkous and Rhoden, Sr. | 15-11367<br>15-51455 | N.D. Ohio | 6/11/15<br>7/15/15 | Broussard and pardonmydebt.com N.D. Ohio |
| Raggi | 06-02058 | E.D. N.C. (Raleigh) | 02/12/08 | E.D.N.C. until forfeited fees paid |

6. In 2007, this Court joined the growing list of bankruptcy courts enjoining Bohl from acting as a bankruptcy petition preparer. *See* AP # 07-07051-SCS, Doc 13, Entered 09/27/07.

7. Presently, Bohl operates using the website https://pardonmydebt.com. The website's "About Us" section contains the following description:

PardonMyDebt.com was designed by seasoned bankruptcy professionals to make filing Chapter 7 bankruptcy easy and affordable. We employ experienced bankruptcy attorneys and paralegals with proven track records. Our managing partners have over 40 years of combined experience in the field of consumer bankruptcy law and were formerly employed by top bankruptcy law firms and trustees. Our staff includes authors, speakers, and leading authorities on consumer bankruptcy law.
With attorney fees for a typical Chapter 7 bankruptcy costing between $1,200 to $2,500, thousands of consumers across the nation are seeking low-cost alternatives to using a high-priced attorney to file bankruptcy.
In most cases, the entire Chapter 7 bankruptcy process consists of completing the required forms, filing them with the U.S. bankruptcy court, and attending a 3 to 5 minute meeting with a bankruptcy trustee. No attorney is needed for this and no court hearing is required in most cases. At PardonMyDebt.com, your Chapter 7 bankruptcy can be prepared in as little as one hour for only $149. Just print and sign the completed forms, then take or mail them to your local

4

bankruptcy court. Your bankruptcy will be effective immediately upon filing – and you'll save hundreds or thousands of dollars in unnecessary legal fees.

https://pardonmydebt.com/about-us/. (Last visited 10/24/2018).

8. The Pardon My Debt website is replete with legal advice about bankruptcy procedure and rights.

9. The contact information on the Pardon My Debt website provides the following address: 9350 Wilshire Boulevard, Suite 203 Los Angeles, CA 90212.

https://pardonmydebt.com/contact-us/. (Last visited 10/24/2018).

10. On information and belief, Pardon My Debt is not an entity authorized to do business by the Secretary of the State of California or the Commonwealth of Virginia.

11. On information and belief, Bohl is not an attorney licensed to practice law in the Commonwealth of Virginia or anywhere.

12. Bohl is a "person, other than an attorney for the debtors or an employee of such attorney under the direct supervision of such attorney," and is a "bankruptcy petition preparer," within the meaning of 11 U.S.C. § 110.

13. Bohl prepared "documents for filing," within the meaning of 11 U.S.C. § 110.

**II.   Bohl's Dealings with the debtors**

14. The debtors, Amanda Lynn Groce and Kristopher Michael Groce, live in Virginia Beach, Virginia. In late June of 2018, struggling with financial difficulties, Mrs. Groce sought help on the internet and came upon the website, Pardonmydebt.com. She filled out the information and later contacted Pardonmydebt via email after she did not receive a response to her inquiry.  Bohl replied:

Hi, Amanda,

You are supposed to click the Signup button and signup before you complete the questionnaire, but that's no problem. I just texted you a few minutes ago. You can call me direct at 954-394-3455. I can answer any questions you may have.

Greg
[PardonMyDebt.com](PardonMyDebt.com)
[www.pardonmydebt.com](www.pardonmydebt.com)

15. On information and belief, at Bohl's behest, Mrs. Groce sent Bohl log-in information for the Groces' account at Credit Karma.com, and provided Bohl with information about the debtors' financial affairs, including income, assets, business, and creditors, and Bohl prepared the debtors' bankruptcy documents, including schedules, statements, and the application to pay filing fee in installments, lists, and the Certification under Local Rule 2090.1 form. Bohl provided the bankruptcy documents to the Groces, who filed them on July 9, 2018 commencing the instant case, Case No. 18-72400. The text of the e-mail from Bohl to Ms. Groce, transmitting the bankruptcy documents, is reproduced below:

**From:** "info@pardonmydebt.com Customer Support" <info@pardonmydebt.com>
**Date:** July 9, 2018 at 9:11:07 AM EDT
**To:** "uspanda01@gmail.com" <uspanda01@gmail.com>
**Subject: Bankruptcy Forms & Filing Instructions (5 attachments)**

Amanda:

-- Please sign and date all applicable signature lines where indicated for "Debtor 1". Your husband should sign and date all applicable signature lines where indicated for "Debtor 2".

Then take and file all documents at:

U.S. Bankruptcy Court
600 Granby Street
4th Floor
Norfolk, VA 23510
Tel: 757-222-7500
Hours: 9 am to 4pm, M-F

**(Photo ID is required to enter federal building. No cell phones are allowed in the building. You must be there by 3:30 pm to file.)**

-- Do not staple the forms because the court will scan them. No photocopies are required.

-- Include a copy of your pre-bankruptcy counseling certificates.

-- You will need exactly $100 at the time of filing.

 -- Your local court requires that you submit the attached creditor matrix on a CD-ROM in .txt (text) format. Some courts may also allow it to be submitted on a flash drive.

  -- The court will notify you of the date, time, and place of your 341a meeting (also known as "Meeting of Creditors). You will both need to attend the meeting and bring a **Photo ID** and a **Social Security card** (no photocopies). Otherwise, the meeting will be continued.

 -- Not later than 7 days **prior to** the 341a meeting, you must send to your assigned bankruptcy trustee a complete copy of your 2017 federal income tax return, if any, and photocopies of all pay stubs that you received within the past 60 days prior to your bankruptcy filing date. The trustee must receive these documents no later than 7 days **BEFORE** the meeting. Do not file the tax return or pay stubs with the court.

-- Not later than 60 days after your 341a meeting, you must complete an online post-petition financial management course and file a certificate of completion with the court. Otherwise, your bankruptcy will be dismissed. *Note: This is not the same as the pre-bankruptcy counseling. You can complete the course online in 2 hours at www.summitfe.org.*

-- You should receive your final discharge order in the mail from the court within 60-70 days after your 341a meeting.

  Sincerely,

  Greg

Customer Support

**PardonMyDebt.com**

9350 Wilshire Boulevard

Suite 203

Los Angeles, CA 90212

info@pardonmydebt.com

Tel: 800-231-2830

16. Carolyn M. Camardo was appointed chapter 7 trustee.

17. The Groces paid Bohl $149 to prepare their bankruptcy documents, making a payment to PardonMyDebt.com, via PayPal.

18. Bohl did not disclose his bankruptcy assistance on any document filed in this case.

19. Bohl did not place his own signature on any bankruptcy document prepared for the debtors and filed in this case.

20. Bohl did not put an identifying number on any document prepared for the debtors and filed in this case.

21. No Form B119 – Bankruptcy Petition Preparer's Notice, Declaration and Signature, was filed in this case.

22. In his dealings with the debtors, Bohl used only his first name, "Greg."

23. In the course of their dealings, in person, via text, and over the telephone[1], Bohl gave the debtors legal advice, including, but not limited to the following: advice regarding bankruptcy procedures and rights, including advising the debtors about the need for credit counseling; advising the debtors about and preparing the Application to Pay the Filing Fee in Installments; determining how claims should be listed (secured, unsecured, or priority) on debtors' schedules; determining debtor's exemptions; determining whether debtors had (and listing) contracts or leases on Schedule G; advising what the debtors should do with property that secures debt and preparing the Statement of Intention; and preparing the Statement of Current Monthly Income and Disposable Income Calculation. Bohl gave the debtors' legal advice about dealing with a vehicle (2016 Highlander) during and after the filing, including advice about

---

[1] As noted in Paragraph 8, *supra*, the website is replete with legal advice.

redemption, as well as advice about handling claims and exemptions related to other vehicles, and additional legal advice about whether different types of tax debt are dischargeable.

24.     Each instance of Bohl giving legal advice to the debtors is a violation of 11 U.S.C. § 110(e)(2)(A).

25.     Worried about their assets and exemptions, among other things, following the initial meeting the creditors, the debtors retained counsel and paid her $600 to address the issues stemming from Bohls' preparation of their bankruptcy documents.

26.     Upon information and belief, Bohl did not provide the debtors with the written notice required by 11 U.S.C. § 110(b)(2)(A); did not sign the notice under penalty of perjury and did not file it with the bankruptcy documents filed in this case or any other case prepared for filing in this Court.

27.     Bohl did not file a declaration under penalty of perjury together with the petition, disclosing any fee received from or on behalf of the Groces within 12 months immediately prior to the filing of this case, and any unpaid fee charged to the Groces.

### *Fraudulent, unfair, and deceptive conduct*

28.     By providing legal advice to the Groces, Bohl engaged in the unauthorized practice of law in violation of Virginia Code. Ann. § 54.1-3904, and violated Part 6, § 1(A) of the Rules of the Supreme Court of Virginia.  By providing Groces with legal advice, Bohl engaged in fraudulent, unfair, or deceptive conduct.

29.     By failing to disclose his participation in preparing the debtors' bankruptcy documents, Bohl engaged in fraudulent, unfair, or deceptive conduct.

30. By preparing false bankruptcy documents[2] for the Groces to sign, Bohl engaged in fraudulent, unfair, or deceptive conduct.

31. By acting as a bankruptcy petition preparer and engaging in the conduct described herein, Bohl is in civil contempt of the Virginia Injunction, and engaged in fraudulent, unfair, or deceptive conduct.

**V.     Violations of section 110 of the United States Bankruptcy Code**

32. Bohl failed to comply with the following provisions of section 110:

- (b)(1): failing to sign the bankruptcy documents and print on the bankruptcy documents his name and address;

- (c)(1): failing to place on the bankruptcy documents after the preparer's signature an identifying number;

- (e)(2): offering legal advice and engaging in the unauthorized practice of law;

- (h)(2): failing to file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtors within 12 months immediately preceding the filing of the case; and

33. Bohl failed to comply with the provisions of section 110 at least fifteen times.

*Assessment of Fines*

34. Pursuant to section 110(l)(2), Bohl should be fined $500 for each failure to comply with subsections (b), (c), (e).

---

[2] The voluntary petition contains the false answer that the debtors did not pay or agree to pay someone who is not an attorney to help fill out bankruptcy forms. Petition, Doc 1, page 8 of 67. The response to Question 16 on the Statement of Financial Affairs--which asks if within 1 year before filing bankruptcy the debtor or anyone acting on the debtor's behalf paid or transferred any property to anyone the debtor consulted about seeking bankruptcy or preparing a bankruptcy petition--is also false. It discloses only a payment for "pre-bankruptcy counseling." Statement of Financial Affairs, Doc 1, Page 58 of 67.

*Tripling of Fines*

35. Pursuant to section 110(l)(2)(D), the fines assessed against Bohl shall be tripled because Bohl prepared the Groces' bankruptcy documents in a manner that failed to disclose his identity as a bankruptcy petition preparer.

*Fees to be forfeited or disgorged*

36. Pursuant to section 110(h)(3)(B), Bohl should forfeit all fees charged in this case, because he failed to comply with sections (b), (c), and (e).

*Award of Statutory Damages to the debtors*

37. Because Bohl engaged in fraudulent, unfair, or deceptive conduct, the Court should award statutory damages to the Groces pursuant to 11 U.S.C. § 110(i)(1).

*Bohl is in Civil Contempt of the Virginia Injunction*

38. By acting as a bankruptcy petition preparer and engaging in the conduct described herein, Bohl is in civil contempt of the Virginia Injunction.

*Argument*

*An Overview of 11 U.S.C. § 110*

39. Congress enacted 11 U.S.C. § 110 as part of the Bankruptcy Reform Act to address the "growing problem of bankruptcy preparers who abuse the system in the course of preparing documents for debtors to file in bankruptcy court." 140 Cong. Rec. S. 4506 (daily ed. April 20, 1994)(statement of Senator Metzenbaum); *see also In re Bush*, 275 B.R. 69 (Bankr. D. Idaho 2002)(discussing the purpose of section 110). Before section 110 was enacted, no statutory tool was available to address non-attorneys seeking to profit at the expense of

individuals unwilling or financially unable to hire legal counsel. *See In re Gavin*, 181 B.R. 814, 820 (Bankr. E.D. Pa. 1995).

"'Section 110 does not authorize or legitimize a "profession" as such; instead, it recognizes an existing phenomenon, labels its practitioners, then enacts conduct-based proscriptions on their services.' " *In re Jay*, 446 B.R. 227, 238 (Bankr. E.D. Va. 2010) quoting *In re Guttierez*, 248 B.R. 287, 297 (Bankr.W.D.Tex.2000).

"Section 110 strictly regulates what a non-lawyer petition preparer can and can't do." *In re Hoag*, 2017 WL 711008, at 3 (Bankr. D. Kan. Feb. 22, 2017). As one court noted: "[a bankruptcy petition preparer] who observes the requirements of § 110 is a typist; he is not an attorney, and he is not even a paralegal." *In re Bodrick*, 2016 WL 1555593, at 4 (Bankr. W.D.N.C. Apr. 14, 2016).

Section 110 was strengthened by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which added several subsections, including subsection (e), prohibiting bankruptcy petition preparers from giving legal advice and subsection (l), authorizing bankruptcy courts to fine bankruptcy petition preparers up to $500 for each violation of the statute. *See* Pub. L. No. 109-8, § 210, 119 Stat. 23, 60-62 (2005).

### *Full Disclosure Is Required of Bankruptcy Petition Preparers*

"Bankruptcy petition preparers must identify themselves on each document they prepare." *In re Hoag,* 2017 WL 711008, at 3 (Bankr. D. Kan. Feb. 22, 2017). They must fill out Official Form 119, and sign it under penalty of perjury, every time "they help prepare documents that are filed in the case." Official Form 119. Also, bankruptcy petition preparers must place "an identifying number" on the documents they prepare. 11 U.S.C. § 110(c)(1). Official Form 119

informs the debtor that petition preparers are not attorneys and cannot give legal advice to debtors. The "no advice" notice must be filed with the other documents in the bankruptcy case and signed by the debtor before a bankruptcy petition preparer prepares any document for filing or accepts any fees from the debtor. *In re Hoag,* 2017 WL 711008, at 3 (Bankr. D. Kan. Feb. 22, 2017).

### *Additional Requirements, Prohibitions, and Penalties under section 110*

Under section 110, bankruptcy petition preparers must provide the debtor a copy of each document for filing. 11 U.S.C. § 110(d). Section 110 prohibits petition preparers from executing documents on behalf of debtors, 11 U.S.C. § 110(e), from advertising their services as "legal," 11 U.S.C. § 110(f), and from collecting or receiving any payment from the debtor for court fees in connection with the filing of the petition. 11 U.S.C. § 110(g). Bankruptcy petition preparers must disclose any fee that they charge, and their fees cannot exceed the value of the services rendered. § 110(h). Bankruptcy petition preparers cannot practice law or give any legal advice. 11 U.S.C. § 110(e)(2) & (k). Section 110(e)(2)(B) includes a non-exhaustive list of examples of prohibited legal advice. *U.S. Trustee v. McIntire (In re Sanchez)*, 446 B.R. 531, 538 (Bankr.D.N.M.2011). The proscription against giving legal advice is broad. *In re Monson*, 522 B.R. 340, 346 (Bankr. D. Utah 2014). "Virtually any exercise of discretion about what to include or not include in the bankruptcy documents, will touch upon a bankruptcy 'procedure' or 'right.'" *Id*. citing *In re Hennerman*, 351 B.R. 143, 151 (Bankr.D.Colo.2006).

"The statute provides a variety of sanctions for any violations, including disgorgement of some or all fees charged, § 110(h)(3), Bankruptcy Code; fines, § 110(l )(1), Bankruptcy Code; compensatory and statutory damages, § 110(i)(1), Bankruptcy Code; and injunctive relief, §

110(j), Bankruptcy Code." *In re Jay,* 446 B.R. 227, 237 (Bankr. E.D. Va. 2010). As Judge Doumar wrote, "[t]he total amount of sanctions allowed under § 110 for egregious violations can add up to a significant amount of money." *McDow v. Mayton,* 379 B.R. 601, 607–08 (E.D.Va.2007)(concluding that a BPP was liable for a maximum sanction of $45,875, but only sanctioning the BPP in the total amount of $3,375).

A bankruptcy petition preparer who violates sections 110(b), (c), (d), (e), (f), (g), or (h) may be fined $500 for each violation. However, these civil penalties must be tripled under section 110(1)(1) if the bankruptcy petition preparer fails to disclose his or her identity. The statute also provides that any fees "in excess of the value of services rendered for the documents prepared" shall be disallowed and ordered to be turned over to the bankruptcy trustee. 11 U.S.C. § 110(h)(2).

### *Civil Contempt*

40.     Rule 9014 governs a motion for an order of contempt made by the United States trustee. *See* Fed. R. Bankr. P. 9020. 11 U.S.C. § 105(a) authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order. *In re Walters*, 868 F.2d 665, 669-70 (4th Cir. 1989). The Virginia Injunction is an order of the Bankruptcy Court, and the Court may impose civil sanctions on Bohl for violating it *See Cherry v. Arendall* (*In re Cherry*), 247 B.R. 176, 186–87 (Bankr. E.D.Va. 2000). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *In re Cherry*, 247 B.R. at 187 (Bankr. E.D. Va. 2000) citing *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947).

To establish civil contempt, the U.S. Trustee must prove the following, by clear and convincing evidence: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) a showing that the decree was in the movant's 'favor'; (3) a showing that the alleged contemnor by [his] conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) a showing that movant suffered harm as a result. *Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), *aff'd,* 38 F.3d 133 (4th Cir. 1994)."[3] The Supreme Court's well-established teaching about a civil contempt is instructive:

> The absence of wilfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. *See United States v. United Mine Workers*, 330 U.S. 258, 303, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884; *Penfield Co. v. Securities & Exchange Commission*, 330 U.S. 585, 590, 67 S.Ct. 918, 921, 91 L.Ed. 1117; *Maggio v. Zeitz*, 333 U.S. 56, 68, 68 S.Ct. 401, 407. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)(footnote omitted).

Bohl is in civil contempt of the Virginia Injunction. It is a valid order in favor of the United States Trustee, issued pursuant to a statute enacted in the public interest,[4] of which Bohl

---

[3] The test cited above is standard in the Fourth Circuit, although courts often compress the elements. *See generally Erhart v. Fina*, 2012 WL 12870343, at 4 (E.D. Va. Nov. 14, 2012), *aff'd sub nom. In re Fina*, 550 F. App'x 150 (4th Cir. 2014)(compressing elements for civil contempt of discharge injunction to two: (1) creditor actually violated the order, and (2) creditor committed an intentional act to recover the discharged debt with knowledge of the injunction.)

[4] In the seeking preliminary injunctive relief pursuant to statutory authority, proof of harm is presumed. The same presumption should pertain to the U.S. Trustee's request for a finding of civil contempt for violation of an injunction issued pursuant to section 110. *See generally In re Bradshaw*, 233 B.R. 315, 326 (Bankr. D.N.J. 1999) (traditional test for injunctive relief not applied in action enforcing section 110 because where "Congress has seen fit to act in a given area by enacting a statute, irreparable injury must be presumed.").

presumably had knowledge. The Virginia Injunction was served on Bohl; he did not appeal the Virginia Injunction or move to vacate or amend it. The Virginia Injunction "set[s] forth in specific detail an unequivocal command." *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir.1986). Bohl was permanently enjoined from acting as a bankruptcy petition preparer. And yet, he has persisted in preparing bankruptcy documents for filing, for compensation, flouting the Virginia Injunction and the law. By acting as a bankruptcy petition preparer and by failing to pay fines and disgorge fees imposed by the Virginia Injunction, Bohl is in civil contempt.

Courts exercise broad discretion in fashioning remedies for civil contempt of orders issued pursuant to section 110. *See e.g. In re Walker,* 257 B.R. 493, 498–99 (Bankr. N.D. Ohio 2001)(court orders preparer to pay an additional fine in the amount of $10 for each day that he fails to pay the original $500 fine); *In re Bagley*, 2010 WL 3734001, at 2 (Bankr. D. Mont. Sept. 20, 2010)(awarding UST attorneys' fees of $1,190 as a sanction for civil contempt and to coerce petition preparer to comply with court's orders, and purge the contempt, or preparer should expect increasingly severe sanctions); *In re Repp,* 218 B.R. 518, 519-20 (Bankr. D. Ariz.1998)(among other things, sanctioning petition preparers by imposing fine of $1,000,000 for violating injunction and not paying numerous fines earlier imposed); *In re Garrison*, 492 B.R. 473, 478 (Bankr. D.S.C. 2012)(UST continued to retain possession of the preparer's computer, among other things)(agreed sanction); *See also In re Stone*, 166 B.R. 269 (W.D. Pa. 2009)(ordering legal assistant found in civil contempt of prior order to cease and desist from preparing petitions to provide United States Trustee with list of all bankruptcy petitions he prepared, both prior to and subsequent to the entry of the prior order, among other sanctions)(debtor's motion for contempt analyzed under section 105, not section 110).

The U.S. Trustee requests that the following sanctions be awarded for Bohl's contempt of the Virginia Injunction: issuance of an order directing Bohl to provide a list of all Virginia debtors for whom he has prepared bankruptcy documents for compensation since entry of the Virginia Injunction, and directing Bohl to disclose the amount of fees received from each debtor, and imposing a sanction in the amount of $1000.00, payable to the United States Trustee..

WHEREFORE, United States Trustee respectfully requests that this Court:

A.fine Bohl $500 for each failure to comply with 11 U.S.C. §§ 110(b)(1); 11 U.S.C. § 110(b)(2)(B); 11 U.S.C. § 110(c)(1); 11 U.S.C. § 110(e)(2); 11 U.S.C. § 110(h)(2) payable to the United States Trustee for deposit pursuant to 11 U.S.C. §110(l)(4)(A), for a total fine of $7,500 and triple the fine to $22,500 as required by 11 U.S.C. §110(l)(2)(D);[5]

B.award statutory damages to the Groces, in the amount of $2,000.00, pursuant to §110(i)(1), because Bohl violated §110(e)(2)(A) and engaged in fraudulent, unfair, and deceptive conduct, and assess additional damages to the extent the Court determines the Groces suffered actual damages;

C.order the immediate forfeiture and turnover by Bohl of the $149 in fees, collected from the debtors, pursuant 11 U.S.C. §110(h)(3)(B);

D.find Bohl in civil contempt of the Virginia Injunction and award the following sanctions: issuance of an order directing Bohl to provide a list of all Virginia debtors for whom he has prepared bankruptcy documents for compensation since entry of the Virginia Injunction, and directing Bohl to disclose the amount of fees received from each debtor, and imposing a sanction in the amount of $1000.00, payable to the United States Trustee;

E.grant the Acting U.S. Trustee such additional relief to which he may be entitled.

---

[5] Bohl has violated the provisions of section 110 at least fifteen times in this case.

Dated: November 2, 2018

        Respectfully submitted,

        John P. Fitzgerald, III
        United States Trustee for Region Four

        /s/ Cecelia Ann Weschler
        Kenneth N. Whitehurst, III
        Assistant U.S. Trustee

        Cecelia Ann Weschler
        Trial Attorney

## **CERTIFICATE OF SERVICE**

I certify that on November 2, 2018, service of the Motion and accompanying Notice of Motion on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

I certify that on November 2, 2018, service on Greg Broussard aka Greg Bohl of this Motion and the accompanying Notice of Motion was accomplished by first class U.S. Mail, postage prepaid, addressed as follows:

        Greg Broussard aka Greg Bohl
        PardonMyDebt.com
        9350 Wilshire Boulevard
        Suite 203
        Los Angeles, CA 90212

        /s/ Cecelia Ann Weschler